1828.

Pritchard
v.
Hicks.

------

## PRITCHARD *v.* HICKS AND ANOTHER, EXR'S, &C.

Where executors prove the will and a codicil thereto, and undertake the ex-
ecution of the same, they cannot afterwards object that the codicil was not
properly executed.

It is a general rule, that a residuary legatee, or other person prosecuting for
a distributive share of the estate, should make all the other persons inter-
ested in the distribution, parties to the suit, in order that only one account
be taken.

But this is not necessary where a creditor or legatee prosecutes, who is enti-
tled to a priority of payment.

The executor or administrator in such cases is the legal representative of
the residuary legatees, and it his duty to protect their rights.

And if there is a fair question for litigation, and he does nothing more than
his duty in attending to their interests, he will be allowed his costs out of
the fund belonging to them.

Where the subject of the devise or legacy is described by reference to som
extrinsic fact, extrinsic evidence may be resorted to, to ascertain that fact

So where the words of a will are equally applicable to two persons or two
things, parol evidence is admissible to show what person was the object
of the testator's bounty, or which article he intended for the legatee.

THE complainant and Mariena Pritchard were the joint
owners of a house and lot in Greenwich street, in the city
of New York, on which the complainant, with her assent,
had given a mortgage to Kinlock Stewart. The complain-
ant also owed to George Shevill on a note about $100, and
to the estate of Colonel William Jones about $150, on a
note given to him before his death. In November, 1826,
Mariena Pritchard made her will in writing, by which, af-
ter some small pecuniary legacies, she devised and be-

December 2d.

1828.

Pritchard
v.
Hicks.

queathed all the residue of her estate to the infant daughter of her relative William Stewart, of London, and made him, together with *the defendants, her executors. By two subsequent codicils, she disposed of her wardrobe in specific legacies to her friends, and made John Crerar a joint executor with the others. On the 20th of February, 1827, four days before her death, she made a third codicil as follows:

NEW YORK, 20th February, 1827.

"It is my will and pleasure that a certain mortgage, held by the heirs of Kinlock Stewart on my house in Greenwich street, be taken up or lifted with the moneys deposited in certain banks in this city; also all debts now due to Messrs. Shevill and heirs of the late Colonel Jones, say something like $250, in all $250.

"MARIENA PRITCHARD. [L. S.]
"WILLIAM THOMPSON.
"ELIZA COLES."

At the time of making this codicil, the only mortgage on her house and lot in Greenwich street, was the one given by the complainant; and the only debts due to Shevill, or the heirs of Jones, were the two notes also given by him as above mentioned. After her death, the defendants, together with Crerar, who is since dead, proved the will and codicil before the surrogate, and took out letters testamentary thereon. The personal estate of the testatrix, which consisted principally of moneys deposited in the different banks of New York, was amply sufficient to pay the above sums, together with her debts and specific legacies. Thompson, one of the executors, was willing to pay off the mortgage, and the two debts mentioned in the last codicil, but Hicks declined doing so, and the funds being in his hands, the complainant filed the bill in this cause to compel the payment thereof. The defendant Thompson, in his answer, admitted the due execution of the codicil, and that he knew

from the declarations of the testatrix at the time she made the same, that the above-mentioned notes and mortgage given by the complainant were what she intended should be paid, and were the only ones which could answer the description in the codicil.

The defendant Hicks denies all knowledge of the due execution of the codicil, or the intention of the testator, *although he admits the codicil has been registered with the will, and that he, together with the other executors, except Stewart, took out probate thereon. A replication to the answer of Hicks having been filed, proofs were taken in the cause, which fully established every allegation in the bill not admitted by the answer.

[*272]

*J. Boyd,* for the complainant:—The direction of the executrix to pay out of her personal estate specific debts due from the complainant, if it is to be considered in the nature of a legacy, it must be deemed a specific legacy, and consequently must be paid before there can be any residuary estate. It cannot therefore be necessary to make the residuary legatees parties. But the direction contained in the codicil is not a legacy, but an appointment, and as such is obligatory on the executors, if they have assets, over and above all debts and specific legacies. The codicil is a perfect and intelligible instrument in itself; and if any doubt exists as to the subject matter of its application, parol evidence is admissible to remove that doubt. (Roper on Leg. chap. on Construction of Bequests, sec. 6; *Bland* v. *Bland,* Finch's Ch. Pre. 201, note; *Attorney-General* v. *Hall,* Fitz. 314; *Wynne* v. *Hawkins,* 1 Brown's Ch. Cas. 179. Rob. on Wills, 470, ch. 3, pt. 7, Lond. ed. 1809; *Masters* v. *Masters,* 2 Pr. Wms. 423; *Harris* v. *Bishop of Lincoln,* 2 Pr. Wms. 435.)

*T. H. Flandereau,* for the defendant Hicks:—The residuary legatees not having been made parties, no decree can be made; (*Brown* v. *Ricketts,* 3 John. Ch. R. 553; *Good* v.

1828.

Pritchard
v.
Hicks.

*Blewitt,* 13 Ves. 399; *Parsons* v. *Nevill,* 3 Brown's Ch. R. 365; *Cockburn* v. *Thompson,* 16 Ves. 327.) The codicil cannot be explained by parol proof. At all events, no final decree ought to be pronounced until the parties interested have had an opportunity of contesting these questions.

*D. Selden,* for the defendant Thompson.

[*273]

THE CHANCELLOR:—There is no validity in the objection made by the counsel of Hicks, that the residuary legatees are not parties to this suit. This is not the proper place *to contest the question as to the due execution of the codicil. As it relates to personal property only, if it was not duly executed, the executors should have proved the will without the codicil, and then all persons interested might have been cited before the surrogate to litigate that question, and have their rights settled by the proper tribunal. The defendants having undertaken the execution of the whole will, they cannot now object to the due execution of any part thereof; (*Hume* v. *Burton,* 1 Ridgw. P. C. 277; *Monell* v. *Dicky,* 1 John. Ch. R. 153.) It is a general rule, that a residuary legatee, or other person suing for a distributive share of the estate, should make all the other parties interested in the distribution, parties to the suit, so that one account only may be taken. But in this case, no account of the estate is to be taken against the executors, as the fund is admitted to be amply sufficient. A creditor or legatee who is entitled to priority of payment, need not make the parties interested in the residuum of personal estate, parties to the suit; (*Brown* v. *Ricketts,* 3 John. Ch. Rep. 556; *West* v. *Randall,* 2 Mason's Rep. 181.) The executor or administrator is, in such cases, the legal representative of the rights of the residuary legatees, and it is his duty to see them properly defended; and if there is a fair question for litigation, and he does nothing more than his duty in attending to their interests, he is always allowed his costs out of the fund belonging to them.

The only question, then, is as to the construction and meaning of the last codicil. And here it is insisted by the counsel for Hicks, that no parol evidence can be received, to explain the intent and meaning of the testatrix.

Where the subject of the devise or legacy is described by reference to some extrinsic fact, extrinsic evidence must be resorted to for the purpose of ascertaining that fact, and thus to ascertain the subject of a testator's bounty.[1] *San-ford* v. *Raikes*, 1 Meriv. 646.

I do not conceive it necessary to go farther in this case. The testatrix directs the mortgage on her house, and the debts due to Shevill and the heirs of Colonel Jones, to be paid by her executors. The parol proof established the fact, that the mortgage and two notes in question were the only debts *and mortgage existing at the time, which could by any possibility answer the description in the codicil. But the rule as to the admission of parol evidence goes farther. For where the words of a will are equally applicable to two persons or two things, the intention of the donor shall not, for that cause, be defeated; but parol evidence may be received to show which person was the object of his bounty, or which article he intended for the donee.[2]

The amount due on the mortgage and two notes, together with the costs of this suit, must be paid by the executors out of the assets of the testatrix in their hands.

---

[1] See 2 Phil. Ev. 297; and Cowen & Hills' Notes, 537.

[2] See Wigram on the Admission of Extrinsic Evidence in aid of the Interpre tation of Wills, pp. 11, 14; *Grey* v. *Shark*, 1 M. & K. 602; per Lord Brougham, Ch., *Miller* v. *Traverse*, 8 Bing. 244; *Hodges* v. *Horsfall*, 1 Russ. &My. 116; *Coyt* v. *Starkweather*, 8 Conn. 289; *Hiscocks* v. *Hiscocks*, 5 M. & W. 363, 367; *Attorney-General* v. *Shore*, 11 Sim. 592, 616, 627, 631, 632; *French* v. *Carhart*, 1 Comst. 96; 2 Cowen & Hill's Notes to Phil. Ev. 537, *et seq.*, where all the authorities in this country and in England on this subject are collected.