## Tindall *vs.* Tindall's Executors.

1. The rule of law is well settled, that a general or absolute gift of the residue of an estate will carry with it all legacies which have lapsed by the death of the legatee in the life of the testator. But this rule, like all other general rules for the construction of wills, is limited to cases where the testator has not shown a different intention; and where the testator has limited or circumscribed the residuary bequest or devise, it does not prevail, unless the terms by which it is limited include lapsed legacies.

2. If a testator, after several money legacies, gives "whatever of my property shall remain after payment of the above," to two persons named, and one of the money legacies lapses by the death of the legatee in testator's life, such lapsed legacy does not fall into the residue; but as to it, the testator is intestate.

3. In a suit by one of the next of kin of testator against his executors, where no account is called for, and where the complainant demands a certain aliquot part of a specific sum in which the other next of kin have no interest, they are not necessary parties.

This cause was argued upon bill and answer.

*Mr. Emery,* for complainant.

*Mr. Scudder,* for defendants.

The Chancellor.

The suit is brought by William Tindall, against the executors of the last will of his deceased brother, Aaron Tindall, for one-eighth part of the sum of $5000, bequeathed by the testator to his wife, who died before him.

The testator, after the above bequest to his wife, and several other legacies, bequeathed as follows: "I give and bequeath whatever of my property shall remain after payment of the above, and due settlement of all my business, to my two friends, John H. Manning and Edward Paxton." He appointed Manning and Paxton executors.

The testator left no issue, but had eight brothers and sisters. Two of these (of whom the complainant is one) survived him.

The other six died before him. All left children living at the death of the testator. The defendant Paxton is one of these children.

The complainant claims that the testator died intestate as to the lapsed legacy of $5000 given to his wife ; that the gift of " what shall remain after payment of the above," is a circumscribed, and not an absolute residuary legacy, and must be construed to include only what is given by the words— that is, such estate as remains, or would remain, after payment of this $5000 and the other legacies ; and that, as one of the next of kin to the testator, he is entitled to one-eighth of this sum, which was not disposed of by the will. This is the main question in the cause.

The rule of law is well settled, both in the English and American courts, that a general or absolute gift of the residue of an estate will carry with it all legacies which have lapsed by the death of the legatee in the life of the testator. This rule was established because, in most cases, it carries into effect the intention of the testator, though it cannot be doubted that there are many cases in which it defeats it. It was necessary that some general rule of construction should be established, and this is the rule established. It is not for judges now to reason or discuss whether it was wisely established, or whether some better rule could not be adopted. I am of opinion that, on the whole, it is the best rule, and more generally carries into effect the intention of the testator. But, like all other general rules for the construction of wills, it is limited to cases where the testator has not shown a different intention ; and where the testator has limited or circumscribed the residuary bequest or devise, it does not prevail, unless the terms by which it is limited include lapsed legacies.

Mr. Williams, in his treatise on the law of Executors, *Vol. II.*, *p.* 1315, states that the direction that the residuary legatee shall have what remains after the payment of legacies, is such circumscription of the bequest, and narrows the title of the residuary legatee so as to exclude him from lapsed legacies.

The same rule is substantially laid down in *Roper on Legacies, Vol. II., pp.* 1679, 1682.

The case of *The Attorney-General* v. *Johnston, Amb.* 577, decided in 1769, by Lord Chancellor Camden, is a direct authority on this point. A gift of £20,000 to a charity was void, by the Mortmain act. The residuary gift was, "if my personal estate shall sufficiently reach towards satisfying all the legacies by me bequeathed, I give the remainder," &c. It was held that this would not include the void legacy, which is spoken of as a lapsed legacy. Lord Camden says : "The rule is very true, in general, that the residue takes in lapsed legacies ; but then the residuary legatee must be a general legatee, to take everything that does not pass by the will. If testator had circumscribed and confined the residue, then the residuary legatee, instead of being a general legatee, becomes a specific legatee. If the testator had said none of the legacies shall, on any account, fall into the residue, it would have excluded the charities from taking the lapsed legacies. His intention appears strong, in this case, to confine the residue to what should remain of his money after the other legacies were paid."

In the will before me, the intention is yet more clearly shown, for the very words are used in which Lord Camden states the intention of the testator, as deduced from his will, "whatever shall remain after payment of the above." I cannot imagine that the testator, in using this language, could have intended that in any event the legacy of $5000, given to his wife, should go to his executors as residuary legatees.

The rule laid down by Lord Camden is recognized and adopted in many cases since that time, which are referred to in *Roper on Legacies* and *Williams on Executors*, in the passages above referred to.

As to this $5000, I must hold that the testator died intestate, and that the complainant is entitled to recover one-eighth of it, with interest from the expiration of one year after the death of the testator, upon giving the proper refunding bond.

An objection was made at the hearing, for want of proper

parties. The other next of kin have not been made parties. This is not necessary in a case like this, where no account is called for, and where the complainant demands a certain aliquot part of a specific sum in which the other next of kin have no interest. Each has a like right to a different aliquot part of the same sum. The suit is brought for the complainant, and such of the next of kin as may choose to join with him. This is, at most, all that is necessary. *Brown* v. *Ricketts,* 3 *Johns. Ch.* 553; *Wiser* v. *Blachly,* 1 *Johns. Ch.* 438; *Pritchard* v. *Hicks,* 1 *Paige* 270; *Story's Eq. Pl.,* §§ 207 *a,* 212.