# SUPREME COURT.

CATHARINE A. FIELD agt. MARTIN FIELD, as executor, &c.

*Alimony — Absolute divorce — Obligation to pay alimony is a personal one — Action cannot be maintained against representatives of husband's estate for alimony accruing after husband's death.*

Where a final decree has been made in an action for divorce on the ground of adultery, directing the payment of alimony by the defendant during the life of the plaintiff: ·

*Held*, that the obligation to pay such alimony is a personal one, and the decree must be construed to mean during the lives of both parties, and upon the death of the defendant the right to the same is at an end, and no action can be maintained by the wife against the representatives of the husband's estate for alimony which may subsequently accrue.

*Special Term, January, 1884.*

The complaint alleges that the plaintiff was married to one Richard Field, in his lifetime. That said Field made a will and appointed the defendant his executor. That said Field died October 27, 1882, leaving said will, which has been duly proved, and letters testamentary issued thereon to the defendant. That an advertisement was duly published for creditors to present claims. That in the lifetime of said Richard Field, and in the year 1878, the plaintiff recovered a judgment in the supreme court of this state dissolving the marriage between the plaintiff and said Richard Field on the ground of adultery by said Field, and it was provided by said judgment that said Field should pay to the plaintiff the sum of fifty dollars per month during her life. That no payment had been made

Field agt. Field.

since October 1, 1882, and that the plaintiff has duly presented her claim for alimony falling due since his death to the defendant as executor of the said Richard Field, and which claim has been rejected, &c. The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Abram Kling,* for defendant.

*Francis C. Reed,* for plaintiff.

VAN BRUNT, *J.* — The question involved upon this demurrer is whether a husband's estate against whom a decree of divorce has been granted can be made liable to pay alimony accruing after the death of the husband. It may be true that the decree in the case at bar, read strictly, supports this claim, but the question remains whether the statute authorizes the court to make such a decree, and whether the court intended the decree to have any such effect. Although the counsel for the plaintiff cites several cases in which he claims it to have been decided that the court has power to direct the payment of alimony by the husband after his death, I have failed to find that any such questions was involved in any one of those cases.

The provision of the statute simply authorizes the court to compel the husband to fulfill his marital obligations — viz., support his wife — although the marital bond has been severed because of his fault and nothing more. The vested rights secured by marriage are expressly reserved. The wife, notwithstanding the dissolution of the marital relation, has her dower in all the real estate of the husband owned during coverture, which was all the right which had attached to the husband's property by virtue of the marital relation. The husband has the right to dispose of all his property without the consent of his wife, except that he cannot deprive her of her dower in the real estate owned by him during coverture, and this right is preserved to the wife notwithstanding the decree dissolving the marriage contract. The husband is bound

within his means to support his wife as long as he and she shall live, and no longer, and this duty is enforced by a provision in the decree for permanent alimony.

The statute only empowers the court to enforce this obligation and no more, and nowhere contemplates interference with the power of disposition of his estate by the husband, which does not conflict with the duties imposed by the marital relation. If this is not true, we have this anomaly presented to us : That although the amount of permanent alimony depends very largely, in most cases, upon the income of the husband, derived from his personal efforts, that yet when this source of revenue is entirely withdrawn, his estate is liable for the same amount of alimony, although if that had been the only source of income not one-tenth part of the alimony granted would ever have been allowed.

We are also confronted with this peculiar condition of affairs : If the husband should happen during coverture to have been possessed of real estate, the income of the former wife would be greater, the husband being dead, than if he were alive, as she would not only be entitled to receive the alimony granted by the court, but also to recover her dower out of his real estate. These facts, it seems to me, clearly show that the obligation to pay alimony is a personal one, dependent upon the means of the husband during life, and does not give the court any power to incumber the estate of a man after death who had performed his obligations of support and maintenance to his wife during his life.

It might be urged, in answer to the suggestion, that although the amount of alimony in most cases depends upon the ability of the husband to earn during his life, that when that means of income is cut off the court may decrease the alimony to meet the new condition of affairs; but it is sufficient to say, in reply to this suggestion, that, the defendant dead, there is no person who could move the court, as the action is entirely personal and does not survive the death of the defendant, and no such relief could be granted by the court.

It seems therefore clear that the statute never intended that. with the income reduced because of the death of the husband that the wife should be in a better condition by reason of her right to dower than she occupied during his life.

I am of the opinion then that the obligation to support and maintain a wife being only personal, and the provision of the decree that the defendant pay her being only personal, that the statute only authorizes the court to enforce that obligation and no more, and as this obligation ceases upon the death of the husband, alimony as such must then cease.

Demurrer sustained, with costs.