JOHNS v. JOHNS et al.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

DIVORCE—JUDGMENT FOR ALIMONY—EFFECT.

A judgment for divorce directed the payment of alimony to the wife during her lifetime, and also required the husband to pay the premiums on insurance policies issued on his life, which were payable to the wife, and only became due and payable on his death. *Held*, that in view of

60 N.Y.S.—55

fact that the judgment made provision, in the matter of the insurance policies, for plaintiff on defendant's death, the provision directing payment of alimony to plaintiff during her lifetime meant during the lives of both parties, and hence had no binding force after defendant's death.

Appeal from special term, Kings county.

Action by Annie E. Johns against Henry W. Johns, Jr., as executor, and others. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Waldo E. Bullard, for appellant.
Henry Thompson, for respondents.

HATCH, J. By this action the plaintiff seeks to have a construction placed upon a judgment for divorce heretofore rendered between the parties, so as to make the amount of alimony awarded to plaintiff in such judgment a charge upon the estate of the defendant, with a priority of lien thereon superior to all other creditors except those who may have obtained judgments, and, further, that an accounting be had, and that a sufficient part of said estate be impounded, or security given, as will secure to her payment of alimony as provided by the judgment, during the term of her natural life. Upon the trial the court found that plaintiff was married to defendants' testator, Henry W. Johns, on or about the 9th day of May, 1863, and that thereafter, and on the 20th day of June, 1882, the plaintiff obtained a decree of divorce against defendants' testator, dissolving the marriage contract, and directing that said Henry W. Johns pay to the plaintiff, in monthly installments, the sum of $2,400 a year, from the 1st day of January, 1882, during her natural life, as a suitable allowance to the plaintiff for her support. And it was further adjudged and decreed therein that the defendant pay the premiums upon certain insurance policies then existing upon the life of the said Henry W. Johns, which policies were made payable to the plaintiff, or her personal representatives, upon his decease. The court further found that, pursuant to the directions contained in the judgment, the said Henry W. Johns paid the alimony as therein required until the 3d day of February, 1898, and that he also paid the premiums of insurance upon the policies mentioned in the judgment. Subsequent to the entry of said decree the defendant therein remarried, and on the 8th day of February, 1898, he died, leaving him surviving the defendant, a son of the plaintiff, a widow, and two infant children. He also left a last will and testament, which was duly admitted to probate by the surrogate of Westchester county, and letters testamentary were issued to the defendants on the 3d day of March, 1898. The court further found that the executors of his estate filed an inventory showing the value thereof to be $7,978.57, subject to debts and liabilities in the sum of upwards of $2,800, and a contingent indebtedness as indorser upon a note for the company in which the deceased was interested, in an amount of about $15,000 or more. The court further found that on or about the 12th day of August, 1898, the plaintiff filed a claim against the estate of the deceased in

the sum of $1,200, for six installments of alimony, at $200 each, claimed to be a charge thereon by virtue of the said decree of divorce. It also appeared by the testimony, and the court has found, that the plaintiff collected upon the said policies of insurance the amount of $21,056.89, which she now retains to her own use.

The court, in dismissing the complaint, proceeded upon the ground that the provision in the decree of divorce which directed the payment of alimony during the life of the plaintiff was subject, in legal construction, to mean during the lives of both parties, and that upon the death of the defendant the binding force of the judgment in this respect came to an end. We think the court below was correct in such construction, and that the obligation to continue to pay alimony ceased with the death of the defendant in the judgment. It is the settled rule that at common law no authority was vested in the courts to grant decrees of divorce. Such power and authority is wholly conferred by statute, and judgments entered thereon are regulated by the provisions of statutory law authorizing their rendition. It was early determined that, in actions for divorce, provision for support and maintenance was required to be entered in the final judgment dissolving the marital relation; and, if not so entered, power did not exist in the court to change or modify the decree so as to change the award of alimony, and the court conclusively presumed that such question had been disposed of by the judgment, which became a final, binding adjudication, conclusive of the rights of the parties. Kamp v. Kamp, 59 N. Y. 212; Walker v. Walker, 155 N. Y. 77, 49 N. E. 663. It follows, as a necessary logical deduction from this view of the law, that the rights and liabilities of the parties must be determined by the judgment as entered, and, as applied to the present judgment, cannot be extended or limited in its effect. It is quite true that under the present provisions of the Code an award of alimony becomes the subject of change, but this provision has no retroactive effect, as was held in the case last cited, and may not, therefore, be invoked in favor of this judgment, as it was entered prior to the amendment of the Code provision. In Field v. Field, 15 Abb. N. C. 434, Mr. Justice Van Brunt reached the conclusion, in construing the provision of a judgment directing the payment of alimony to the plaintiff during her life, that it did not have the effect of extending its operation beyond the lifetime of either of the parties. Upon appeal the general term affirmed the decision of Mr. Justice Van Brunt, and for the reasons stated in his opinion. Id. 437, 438. In Galusha v. Galusha, 43 Hun, 181, the subject was again under consideration; and it was therein held (Mr. Justice Bradley writing the opinion) that, in order to render effectual payment of alimony after the death of the party charged, some direction was required to be made in the judgment to effectuate such purpose; and it is evident from the discussion therein had that the mere expression directing payment during the life of the party entitled was not sufficient to charge the estate of the deceased party, as no method was provided for its enforcement. In that case the judgment provided for alimony during the life of the plaintiff, to be secured by a mortgage, with the reservation of right in either party to apply for a change of the condi-

tion. For this reason the legal effect of the judgment after the death of the husband was not expressly decided. This decision was modified upon appeal. Id., 116 N. Y. 635, 22 N. E. 1114. But it was upon other grounds, and in no wise affected the question which we are now considering. The same rule obtains in Massachusetts as was announced in the Field Case, supra. Knapp v. Knapp, 134 Mass. 353. It is to be borne in mind that, under the provisions of law as existing in this state, the innocent wife who obtains a divorce does not lose her right of dower in the estate of her husband, existing at the time. Her right to be endowed is only excluded from subsequently acquired real property. This consideration, among others, led Mr. Justice Van Brunt and the general term of the First department to the conclusion which they reached; and in 2 Nels. Div. & Sep. (section 932), the learned author reaches the conclusion that, in those states where the divorce does not terminate the right of dower, the effect of a decree awarding alimony during life terminates with the death of the party charged. Id. p. 879. The plaintiff, however, challenges this view of the law, and insists that it is in contravention of the decision in Burr v. Burr, 10 Paige, 20. It seems clear that the opinion in that case went to the extent of holding that the court was possessed of authority to continue the payment of alimony beyond the life of the husband charged; but this case, and others which follow it, are clearly distinguishable from the judgment in the case at bar, as therein the defendant was decreed to pay an annuity, and was also required to give security for its payment, so that it became a charge upon his estate, to be enforced by virtue of the terms of the judgment entered in the action. The rights of the parties thereunder became clearly fixed in this regard, and the right was regarded as secured by the express terms of the power as exercised by the courts. And this is apparent in the decision rendered in the court of errors, as reported in Burr v. Burr, 7 Hill, 207. The same power was also exercised in Peckford v. Peckford, 1 Paige, 274, and in Forest v. Forest, 3 Abb. Prac. 144–166. We may assume, therefore, without deciding, as it is not necessary to a disposition of the present case, that such power still remains in the court; but it is also well settled by the decisions already cited that such power must be clearly expressed in the judgment, or it will not pass. In Craig v. Craig, 163 Ill. 176, 45 N. E. 153, it was held that a judgment decreeing the payment of permanent alimony "until the further order of this court," and making the same a specific lien upon land, only continued during the lifetime of both parties,—the rule therein announced being that it must unequivocally appear in the judgment that the intention was to bind the heir by the decree, or it terminated upon the death of the defendant; and such is the rule in many other cases in other states which might be cited.

The cases relied upon by the appellant we think are not in point in the determination of the present controversy, for the reason that the language of the judgment in the present case is different from the provisions which were the subject of determination in those cases, but are clearly within the authorities which we have cited, construing the language of this judgment. We think, however, that it was

not the intention of the court to decree any liability beyond the life-time of the defendant, and that such intention is clearly gathered from the provisions of the present judgment. It first awards alimony during the lifetime of the plaintiff. It then makes provision for the protection of the plaintiff upon the death of the defendant. He was required to pay the premiums upon the insurance policies issued upon his life, which were payable to the plaintiff, and which only became due and payable upon his death. Thus, by the very terms of the judgment, the court contemplated and made a provision which should inure to the benefit of the plaintiff upon the decease of the defendant; and of this provision the plaintiff has received the benefits, and is now in the enjoyment of an estate nearly three times as large as that which she seeks to impound for her further protection. As the language used did not charge liability upon the estate of the deceased for the payment of alimony, and as the terms of the judgment made provision for a substantial sum after the death of the defendant, we think it clear that the construction to be placed upon the terms of the judgment was that the payment of alimony should be made during the lifetime of the defendant, and that the sum secured by the policies should represent the extent of the demand which the plaintiff might have and enjoy by reason of the marital obligation which the defendant had incurred; so that in no view of this case do we think the plaintiff entitled to succeed. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.