SANFORD v. SANFORD.

.(Supreme Court, Special Term, New York County. July, 1905.)

1. DIVORCE—MOTION FOR ALIMONY—AFFIDAVITS.
Affidavits for plaintiff, on defendant's motion for alimony and counsel fee in an action to annul a marriage, which show not only the conduct of the parties towards each other, but also towards others, are proper, so far as the latter has a bearing on the wife's conception of and adherence to correct standards of conjugal conduct.
[Ed. Note.—For cases in point, see vol 17, Cent. Dig. Divorce, §§ 670, 671, 676.]

2. SAME—REPLY AFFIDAVITS—SUPPRESSION.
Defendant in an action to annul a marriage is not entitled to suppression of plaintiff's affidavits on motion of defendant for alimony, where the matter therein complained of is in reply to defendant's affidavit, wherein she ·accepts the issue tendered by the complaint, as to whether the estrangement was due to the fault of the one or the other, and seeks to show that the fault was his.

· Action by Henry Sanford against Grace B. Sanford. Defendant moves to suppress certain affidavits. Denied.

Nicoll, Anable & Lindsay (John D. Lindsay and Raymond D. Thurber, of counsel), for the motion.
Arthur L. Livermore (Alton B. Parker, of counsel), opposed.

GIEGERICH, J. The motion to suppress certain affidavits filed on behalf of the plaintiff on the defendant's motion for alimony and counsel fee in an action to annul a marriage should be denied for two reasons: First, because on such an application for alimony all facts

are relevant which show the conduct of the parties toward each other, and toward others as well, so far as the latter has a bearing on the wife's conception of and adherence to correct standards of conjugal conduct. In Peckford. v. Peckford, 1 Paige, 274, Chancellor Walworth gave decided weight, in awarding alimony, to the fact that the wife's conduct had not been entirely discreet and prudent, and that, too, in a case where the husband's guilt was established. A second reason why the motion should be denied is that most of the matter complained of is in reply to portions of the defendant's own affidavit, wherein she accepts the issue tendered in the complaint, as to whether it is her fault or the plaintiff's that the estrangement has arisen, and in which it is sought to show that such fault is his.

Motion denied, without costs. If, in view of this decision, it is desired to submit further opposing affidavits in the original motion, that should be done, and copies served on the plaintiff's attorney, on or before the 27th inst. The plaintiff may have until the 29th inst. to reply to any new matter. Proof of service of all affidavits on either side should be handed in with the affidavits.