Bernard S. Meyer, J.
In this undefended matrimonial action, plaintiff asked for judgment requiring defendant to continue in force certain policies of insurance on his life. Doubting its authority to make such a decree, the court reserved decision on the question. It now concludes that, though the matter is, as to support for the children, not wholly free from doubt, it is without authority, absent an agreement between the parties, to make a judgment requiring defendant, whether as alimony or as support for the children, to maintain life insurance in force.
*235 Authority to make an award of alimony or of child support in a matrimonial proceeding is derived from statute, not from the common law (Kagen v. Kagen, 21 N Y 2d 532; Romaine v. Chauncey, 129 N. Y. 566, 571; Erkenbrach v. Erkenbrach, 96 N. Y. 456; Rice v. Andrews, 127 Misc. 826). Except in an action for an annulment for incurable insanity, with respect to which subdivision 1 of section 141 of the Domestic Relations Law requires that the court “include in the judgment an order directing the husband to provide for her suitable support, care and maintenance during life” of the wife (see Stevens v. Peoples Bank of Hamburg, N. Y., 246 App. Div. 481), the alimony and support sections of the Domestic Relations Law (§§ 236, 240) contain no language expressly authorizing continuance of alimony after the death of the husband or child support after the death of the father. Absent such express statutory provision, or agreement of the parties that the allowance be a charge against the husband’s estate after his death, an award whether of alimony or child support terminates on the husband’s death (Wilson v. Hinman, 182 N. Y. 408; Johns v. Johns, 44 App. Div. 533, affd. on opn. below 166 N. Y. 613; Matter of Van Arsdale, 190 Misc. 968; Rice v. Andrews, 127 Misc. 826). Such being the usual rule, and the premiums on life insurance being paid to provide not the “present maintenance ” (Kirkbride v. Van Note, 275 N. Y. 244, 249; see, also, Van Ness v. Ransom, 215 N. Y. 557, 560; Matter of Williams, 208 N. Y. 32, 38) which the statutory provisions are designed for, but maintenance after the husband’s death, judgment requiring payment of life insurance premiums is held not to fall within the “ support” authorized by section 236 or the ‘1 care, education and maintenance ’ ’ authorized by section 240 to be awarded by the court (Ostrom v. Ostrom, 270 App. Div. 872; see Edelman v. Edelman, 19 A D 2d 613; Mercier v. Mercier, 18 A D 2d 880; Mack v. Mack, 16 A D 2d 1029; cf. Staton v. Staton, 143 N. Y. S. 2d 369).
Such were not always the statutory provisions, however, and it is as a result of cases construing the earlier statutes that doubt now arises with respect to section 240 of the Domestic Relations Law. Section 54 of the Revised Statutes (2 Rev. Stat. of N. Y., part II, ch. VIII, tit. I) authorized the making of a decree in an action for a separation ‘ ‘ for the suitable support and maintenance of the wife and her children, or any of them, by the husband, or out of his property ” (emphasis supplied) and similar language was contained in section 55, also relating to *236 separation actions. Under those sections it was held in Burr v. Burr (10 Paige Ch. 20, 37) that a decretal provision for alimony continuing beyond the life of the husband was authorized, and on appeal that determination was affirmed (7 Hill 207). Similar holdings may be found in Peckford v. Peckford (1 Paige Ch. 274) and Forest v. Forest (3 Abb. Pr. 144, 167).
The Burr case was urged in Wilson v. Hinman (182 N. Y. 408, supra) as authority for the proposition that alimony beyond the life of the husband could be decreed, but was held not controlling on several grounds. The first was that the Burr case arose under a statute providing for support “by the husband or out of his property” whereas subdivision 2 of section 1759 of the Code of Civil Procedure which governed the Wilson case authorized “ support of plaintiff, as justice requires, having regard to the circumstances of the respective parties.” The latter provision, it was held, empowered the court “ only to impose a personal obligation upon the defendant ” (Wilson v. Hinman, supra, p. 413; and see Rice v. Andrews, 127 Misc. 826). Moreover, said the Wilson court (p. 413) “the authority of Burr v. Burr has been much shaken, if not entirely overthrown, by the recent decision of this court in Johns v. Johns (166 N. Y. 613; affirmed on opinion below, 44 App. Div. 533) ”. Since the wording of subdivision 2 of section 1759 of the Code of Civil Procedure is almost identical with wording in the first sentence of section 236-of the Domestic Relations Law, the Wilson case requires that the latter section be construed as imposing only a personal obligation upon the defendant, and as not authorizing alimony continuing beyond the life of defendant husband.
The situation is not so clear, however, with respect to section 240 of the Domestic Relations Law, which in its first sentence incorporates language similar to that of subdivision 2 of section 1759 of the Code of Civil Procedure and section 236 of the Domestic Relations Law, but in its third sentence authorizes “provision for the education and maintenance of such child out of the property of either or both of its parents ” (emphasis supplied). Notwithstanding the use of the italicized phrase and even if it be assumed that the Burr case has not been ‘ ‘ entirely overthrown ”, the court concludes from the history of section 240 that it should not be construed to authorize a judgment in an action for separation or divorce requiring support of a child out of the estate of a deceased parent. Support awards were authorized by statutes incorporated in the Revised Statutes of 1828 in the following cases: — in an action for annulment, a *237 decree providing for the children’s “ education and maintenance, out of the estate and property of the guilty party” (2 Rev. Stat. of N. Y., part II, ch. VIII, tit. I, § 32); in an action for divorce, a decree ' ‘ against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance to the complainant, for her support, as the court shall deem just, having regard to the circumstances of the parties respectively” (§ 45); in a separation action, as already noted (§ 54) provided for a decree ‘ ‘ for the suitable support and maintenance of the wife and her children, or any of them, by the husband, or out of his property, as may appear just and proper ’ ’; section 55 contained similar language; and section 59 provided that in an action for separation or divorce the court “ may, during the pendency of the cause, or at its final hearing, or afterwards * * * make such order as between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper ’ ’. Thus, the reference to £ ‘ property ’ ’ deemed so important in the Wilson decision appeared in the sections relating to annulment and separation actions, but not in the divorce section. When these provisions were incorporated in the Code of Civil Procedure, however, as section 1751 (annulment), subdivision 2 of section 1759 (divorce), section 1766 (separation) and section 1771 (divorce or separation), the reference to £ £ property ’ ’ had been deleted from the separation section and remained only in the annulment .section. The corresponding sections of the Civil Practice Act (§§ 1140, 1155, 1164, 1170) were similarly worded.
With the enactment of the CPLR, however, these sections were moved to the Domestic Relations Law and reorganized so that all alimony provisions appeared in one section (§ 236) relating to all forms of action and all support provisions in another (§ 240) similarly covering all types of action. With respect to the present third sentence of section 240, in which appears the phrase “ out of the property ”, the 1961 Report of the Joint Legislative Committee on Matrimonial and Family Laws (N. Y. Legis. Doc., 1961, No. 19) had this to say (p. 83): ££ The * * * sentence is taken from the last sentence of Section 1140 which is presently limited to annulment actions. Perhaps the thought there was that if the marriage never legally existed such a provision would be necessary. On the other hand, each of the parties of the marriage is obligated as a parent, so that in reason the provision should apply to any *238 matrimonial proceeding” and the 1963 Report of that Committee (N. T. Legis. Doc., 1963, No. 34, p. 91) states that: “ The third sentence incorporates the principle stated in the last sentence of C. P. A. § 1140. That section was limited to annulment actions. Since both parents are obligated to support their child, there is no logical basis for differentiating between the types of proceedings. Section 240 makes the principle applicable to any direction for education or maintenance made under the section.”
Nothing in the legislative history suggests an intent to overturn the rule of the Wilson case and authorize a decree making support a charge against the estate of a deceased parent. Rather the thrust is that education and maintenance of children should be a charge against property and not just against income. Had the intent been to make support a charge against the estate rather than to differentiate between income and property, the reports, it may safely be assumed, would have made explicit reference to the Wilson and Burr cases, and would at the very least have explained why support but not alimony was being made a charge against the estate.
For the reasons that the Wilson case throws grave doubt upon the authority of the Burr case and that, if the Burr ease be assumed still to be good law, the legislative intent in enacting section 240 of the Domestic Relations Law does not appear to . have been to apply the Burr rule to divorce actions, the court holds that it is without authority to include in the judgment the provision concerning life insurance that plaintiff seeks.