SAUL O. WINTER, Appellant-Respondent, *v.* ELIZABETH WINTER, Respondent-Appellant. MARIO PROCACCINO, Guardian ad Litem, Respondent-Appellant.

First Department, May 9, 1972.

*Michael B. Atkins* of counsel (*Morgenstern & Winnick,* attorneys), for appellant-respondent.

*Irving I. Erdheim* of counsel (*Donald Frank* with him on the brief; *Erdheim, Shalleck & Falk,* attorneys), for respondent-appellant.

*Mario A. Procaccino,* guardian ad litem for respondent-appellant.

KUPFERMAN, J. P. This is a conversion action for divorce by the plaintiff husband, pursuant to section 170 (subd. [5]) of the Domestic Relations Law, based on his wife's long prior separation decree. (*Gleason* v. *Gleason,* 26 N Y 2d 28.)

The parties were married in 1923, and the husband is 77 years of age and the wife 72. There is one adult issue. The wife was granted a judgment of separation in 1949 with alimony fixed at $45 a week. By stipulation, in 1957 an order was entered increasing the alimony to $60 a week.

The trial court considered the question of alimony *de novo* on the wife's counterclaim due to changed circumstances of the parties. (*Kover* v. *Kover,* 29 N Y 2d 408.)

Pursuant to CPLR 1201, a guardian ad litem was appointed for the wife as " an adult defendant incapable of adequately prosecuting or defending his [her] rights." She has not been judicially declared incompetent. However, it is contended at the outset by the guardian ad litem that the divorce cannot be granted because section 140 (subd. [f]) of the Domestic Relations Law provides for an annulment if there is a five-year period of incurable insanity. Aside from the fact that there has been no determination of such a condition of insanity, there is no restriction to that provision in the Domestic Relations Law, and section 170 (subd. [5]) is a proper vehicle.

The trial court, having considered the various factors (*Phillips* v. *Phillips,* 1 A D 2d 393, 398, affd. without opn. 2 N Y 2d 742), and making provision for an increase in alimony, required an annuity to be purchased by the husband in order to provide for the continuance of alimony in the event of his death. In this connection, there was specifically taken into consideration the advanced age of the parties, and there was also an analogy made to the provision of section 141 (subd. 1) of the Domestic Relations Law, which in an action to annul a marriage on the ground of incurable insanity for five years, provides for " suit-

able support, care and maintenance to the wife during the balance of her life based upon appropriate mortality tables ''. (1 Foster-Freed, Law and the Family [1972 rev.], Chapter 11, on Dissolution for Insanity, § 11:5, on Security.)

The majority of this court, while sympathetic to the problem, finds no basis in the statutory or common law for this determination for an annuity and annuls it. (*Wilson* v. *Hinman,* 182 N. Y. 408; *Johns* v. *Johns,* 44 App. Div. 533, affd. on opn. below 166 N. Y. 613; *Ehrler* v. *Ehrler,* 69 Misc 2d 234.) Speaking for myself alone, and in the nature of the facts in this case, I would affirm the provision for an annuity. As the excellent Practice Commentary by Professor David D. Siegel (McKinney's Cons. Laws of N. Y., Book 14, Domestic Relations Law, § 236) points out at page 136: '' the most striking aspect of section 236 is the unfettered discretion conferred  *  *  *  on the court. No contingencies or conditions are set forth; the standard here is general and apparently all encompassing. It is phrased thus: ' support  *  *  *  as, in the court's discretion, justice requires, having regard *to the circumstances of the case and of the respective parties.*' (Emphasis added).''

We affirm the trial court's determination that the support payment be increased from $60 to $275 per week. The husband stipulated at the trial that he possessed the financial ability to provide for his wife in whatever amount the court determined, in view of the wife's changed circumstances. She has a mental history, and her physical health has deteriorated substantially. While she receives $103.16 a month social security and has not had substantial increases in the rent that she has paid for the apartment in which she resided for the past 20 years, she has been in a senior citizens' hotel, in the hospital, had a paid companion, is taking medication, etc. The plaintiff husband, based on his estimate of the wife's expenditures and needs, concedes a maximum of $170 per week for alimony. In view of the determination by this court that the annuity provision should be stricken, I concur in the determination to affirm the alimony provided by the trial court, because it is obvious that some provision must be made for the wife not to become a public charge in the event of unforeseen circumstances. However, were the annuity to be upheld, speaking for myself alone, I would modify the alimony to $225 per week.

The wife contends that the trial court erroneously denied her a counsel fee, pursuant to section 237 of the Domestic Relations Law. A retainer fee of $5,000 had already been paid, which was concluded to be reasonable compensation for counsel. How-

ever, the trial court considered that it was precluded by our recent determination in *Kann* v. *Kann* (38 A D 2d 545) from requiring the husband to make reimbursement for that fee. We affirm that determination, and I merely express my opinion that I do so under constraint of that precedent in which I dissented (38 A D 2d at p. 546). (See, also, *Tamchin* v. *Tamchin*, 26 A D 2d 528 [1st Dept., 1966].)

While it is contended that the guardian ad litem fee should be reduced or increased, we affirm the award in the amount of $2,500.

The judgment should, therefore, be modified on the law and the facts to the extent of eliminating the provision for the purchase of an annuity, and as so modified should be affirmed, without costs or disbursements.

McNALLY, TILZER and CAPOZZOLI, JJ., concur in part in opinion by KUPFERMAN, J. P.; KUPFERMAN, J. P., dissents in part and would affirm the provision for an annuity.

Judgment, Supreme Court, New York County, entered on December 29, 1971, modified, on the law and the facts, to the extent of eliminating the provision for the purchase of an annuity, and as so modified affirmed, without costs and without disbursements.