■ LOUIS DE LUCCY, Appellant, v. CITY OF NEW YORK, Respondent.— Order, entered January 21, 1965, denying plaintiff's motion to vacate a dismissal of the action and to restore the case to the Ready Personal Injury

Calendar, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements; the motion to vacate the dismissal is granted and the action is ordered restored to the Ready Personal Injury Calendar, Supreme Court, New York County. When the case was called for trial, counsel for plaintiff sought an adjournment upon the ground of illness. The Trial Justice granted an adjournment for one day and set the case down peremptorily against the plaintiff for the next day with a warning to counsel to get another lawyer to proceed if he could not do so the next day. Counsel for plaintiff was still ill on the following day and when he was unable to appear, the case was dismissed. There is no question about the genuineness of counsel's claim of illness. Respondent concedes that the attorney was ill on the day the case was dismissed. Under the circumstances, it was an improvident exercise of discretion to dismiss the case. (See *Vittorino* v. *City of New York*, 22 A D 2d 883; *Hammond* v. *City of New York*, 20 A D 2d 877; *Wellerstein* v. *Tankleff*, 272 App. Div. 831.) Where an adjournment is sought upon the gound of illness of counsel, a court may well direct that substitute counsel be obtained but in such case a reasonable adjournment should be granted to obtain new counsel, who can acquaint himself with the case. No such reasonable adjournment was proffered to plaintiff in this case. A direction to do so in one day was unreasonable. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.