■ ANDREA RAAB CORP., Respondent, v. GOODMAN CHEMICAL N. Y. CORP., Appellant.— In a breach of warranty action to recover damages for merchandise alleged to be unfit for the purpose for which it was sold, defendant appeals from an order of the Supreme Court, Kings County, dated April 21, 1972, which denied its motion to vacate its default in answering the complaint and permit it to interpose an answer. Order reversed, without costs, in the interests of justice and in the exercise of discretion, and motion granted, upon condition that appellant pay $100 costs to respondent at or before the time appellant serves its answer to the complaint. Appellant's time to serve its answer is extended until 20 days after entry of the order to be made hereon. In the event appellant fails to comply with the above-mentioned condition, the order is affirmed, with $10 costs and disbursements. In our opinion, the denial of the motion to vacate appellant's default was an improvident exercise of discretion since a meritorious defense was alleged and no prejudice to respondent was demonstrated. As a matter of policy, disposition of causes of action on their merits is strongly favored. Appellant's default was neither willful nor of its own making. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ EUGENIE ANDREASIAN et al., Appellants, v. GREGORY J. MELIKIAN et al., Respondents.— In an action for rescission of contract and restitution of moneys paid thereunder, plaintiffs appeal from an order of the Supreme Court, Queens County, entered May 16, 1972, which denied their motion (1) to vacate a judgment of said court entered January 28, 1972 upon their default in proceeding to trial and (2) to restore the case to the Trial Calendar. Order reversed, in the exercise of discretion, without costs other than those mentioned below, and motion granted, upon condition that, within 10 days after service of the order to be entered hereon, plaintiffs' attorneys pay defendant $100; otherwise, order affirmed, with costs. We have concluded that under the facts presented in this case, including the circumstances leading to the failure of plaintiffs' counsel to proceed to trial and the onerous consequences of the dismissal to plaintiffs and their attorneys, this case should be restored to the calendar for trial upon the condition stated hereinabove. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.