■ LILA V. ENOS, Respondent, v. PATRICK A. ENOS, Appellant.— The defendant husband appeals from so much of a judgment of the Supreme Court, Queens County, entered February 10, 1972, after a nonjury trial, granting plaintiff a divorce, as awarded plaintiff alimony, child support and an additional counsel fee, including provisions with respect to school tuition and camp expenses for the parties' child, medical and dental expenses, and insurance. Judgment modified, on the law, by (1) striking from the fifth decretal paragraph thereof the phrase "to pay any school tuition costs for the infant child of the parties, Lorie Ann Enos, and"; (2) adding to the fifth decretal paragraph a provision that defendant shall not be obligated to pay for support of the parties' child while she is in summer camp (that paragraph directs defendant to pay camp expenses); and (3) striking the seventh decretal paragraph (which requires defendant to maintain a life insurance policy) in its entirety. As so modified, judgment affirmed insofar as appealed from, without costs. There is no evidence in the record that supports a finding of special or unusual circumstances necessitating a direction by the court that defendant send his child to private school. Furthermore, plaintiff concedes this fact and has no objection to deletion of the provision concerning tuition. Additionally, payment of child support at the same time that defendant is paying for the child's stay at summer camp is an unwarranted duplication. Finally, it is our opinion that the trial court was without authority to order defendant to maintain an existing insurance policy on his life with plaintiff designated as beneficiary therein. Section 236 of the Domestic Relations Law does not authorize continuance of alimony upon a husband's death. Absent such provision, the obligation to pay alimony ceases upon death. (Wilson v. Hinman, 182 N. Y. 408, 412). Since life insurance is designed to provide for payments upon the insured's death, it is not within the purview of the statutorily authorized

"support" (*Ostrom* v. *Ostrom*, 270 App. Div. 872; *Ehrler* v. *Ehrler*, 69 Misc 2d 234). Christ, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., and Gulotta, J., concur in part and dissent in part, with the following memorandum: We agree with the majority that modification is required with respect to school tuition and support for the infant child while she is away at camp. However, it is our opinion that the provision for payment of life insurance premiums should be left intact. Admittedly, prior decisional authority supports the view that under no condition may the court direct that alimony continue beyond the death of the husband (*Wilson* v. *Hinman*, 182 N. Y. 408, 412; *Johns* v. *Johns*, 44 App. Div. 533, affd. 166 N. Y. 613; *Ostrom* v. *Ostrom*, 270 App. Div. 872). These holdings were made under statutes which provided that the court may grant alimony "as justice requires, having regard to the circumstances of the respective parties" (Civ. Prac. Act, § 1155; Code Civ. Pro., § 1759). The present statute permits the court to award alimony "as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and of the respective parties" (Domestic Relations Law, § 236). As was pointed out in *Ehrler* v. *Ehrler* (69 Misc 2d 234, 236), the wording of the earlier statutes is "almost identical" with that of section 236 of the Domestic Relations Law. However, within the purview of this case, the difference in the wording assumes magnified importance. Although the wording of the former statutes vested discretion in the court, the Legislature saw fit to specifically direct in section 236 that the alimony award be in the court's discretion. Since such addition cannot be regarded as mere surplusage, we read the affirmative direction as empowering the court with a greater latitude than heretofore permitted. This reasoning is buttressed by the fact that the present statute added the provision that the court should take into account the circumstances of the case, in addition to the circumstances of the parties. The two added clauses, especially when taken together, clearly imply a legislative intention to enable the court to fashion a decree in accordance with the most liberal of equitable principles, without being bound by technical limitations which may have no practical application today. As stated by the Joint Legislative Committee on Matrimonial and Family Laws which drafted it, section 236 "broadens" the court's discretion (N. Y. Legis. Doc., 1962, No. 34, p. 309). Recently, in *Winter* v. *Winter* (39 A D 2d 69), an award of alimony was modified by striking a provision for the purchase of an annuity for the aged wife. The rationale for the modification was that there was no basis in the statutory or common law for an award to be made after the death of the husband. However, we agree with the minority viewpoint expressed by Judge Kupferman (*Winter* v. *Winter*, supra, p. 71): "Speaking for myself alone, and in the nature of the facts in this case, I would affirm the provision for an annuity. As the excellent Practice Commentary by Professor David D. Siegel (McKinney's Cons. Laws of N. Y., Book 14, Domestic Relations Law, § 236) points out at page 136: 'the most striking aspect of section 236 is the unfettered discretion conferred * * * on the court. No contingencies or conditions are set forth; the standard here is general and apparently all encompassing.'" This is not to say that we would support every award which had the earmarks of a payment to be made after the death of the husband. The circumstances of the individual case and the parties must control that.* However, we find the continuance of

* One of these circumstances is the fact that the wife, in procuring a divorce, loses all rights of inheritance; however, if she had obtained a separation upon the same grounds, she would still enjoy the expectation of the rights of a surviving spouse (EPTL 5–1.2).

an existing life insurance policy to be a compelling instance where the exercise of discretion should be affirmed. Life insurance policies are sophisticated instruments endowed with multifaceted utility. To blithely equate a direction to keep in force a life insurance policy with a direction to continue alimony beyond the death of the husband is to ignore this utility and to treat life insurance in an overly simplistic fashion. The most basic consideration in awarding alimony is the standard of living previously enjoyed by the parties. Besides providing for payment of a sum upon death, a life insurance policy is an asset with present, determinable value. If the policy had been in force during the lifetime of the marriage, then the payment of periodic premiums is one of those indicia by which to judge the standard of living. The parties have foregone whatever value the amount of the premiums would have purchased in exchange for the value to be derived from the policy. Analogous to this situation is the California approach, which allows the wife to protect her interest in a policy on her husband's life where the premiums have been paid from community funds, by directing that the husband pay the premiums (*Tompkins* v. *Tompkins*, 83 Cal. App. 2d 71; *Mauldin* v. *Mauldin*, 275 P. 2d 113, 119 [Cal. App.]). Finally, we note that in those cases where the question of finances is not litigated, the agreement incorporated into the judgment of divorce very frequently provides for the continuation of an existing life insurance policy. In our opinion, the mere fact that the issue of finances is litigated should not serve to deprive the wife of the possibility of being protected by an insurance policy on the life of the husband.