■ COLGAR ENTERPRISES, INC., Respondent, v. GODFREY DI GIAIMO, Appellant.— In an action in ejectment to recover possession of certain real property and for damages, in which an order was made, on default, granting plaintiff's motion for partial judgment, i.e., to award plaintiff title and the right to possession of the property, and severing the action as to plaintiff's claim for damages and defendant's counterclaim for damages, and upon which order a judgment was entered, defendant appeals from an order of the Supreme Court, Putnam County, dated September 6, 1972, which denied two motions by him, namely, (1) to open his default on plaintiff's said motion, to vacate the partial summary judgment and to permit him to amend his answer by adding, as further defenses and counterclaims, claims for specific performance and fraud; and (2) *inter alia* to vacate the order granting plaintiff partial summary judgment. Order dated September 6, 1972 reversed, without costs; defendant's motions granted to the extent that his default on plaintiff's motion for summary judgment is opened; the order granting plaintiff partial summary judgment and the judgment entered thereon are vacated; defendant is granted leave to interpose an amended answer; the amended answer (annexed to defendant's motion papers to open his default) is deemed served; and plaintiff's motion for summary judgment is remitted to the Special Term for further proceedings not inconsistent herewith and for a new determination. Plaintiff's time to reply to the amended answer is extended until 20 days after entry of the order to be made hereon. It is strong public policy that matters be disposed of on the merits (*Moran* v. *Rynar*, 39 A D 2d 718; *Springer* v. *Marangio*, 38 A D 2d 852). The record establishes that defendant's default on plaintiff's motion for summary judgment was not willful, but was the result of a belief

on the part of his former attorney that the motion would be adjourned. The motion to open his default was promptly made. Under the circumstances, it is our opinion that the denial of defendant's motions was an improvident exercise of discretion. Martuscello, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.