■ AARON SCHROEDER, Respondent, v MUSICOR RECORD CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered March 7, 1975, denying defendants' motion to reopen the proceedings before the Special Referee and granting plaintiff's cross motion to confirm the Special Referee's report with further provision for judgment in plaintiff's favor in

the sum of $192,763.10 plus interest, unanimously reversed, on the law, and in the exercise of discretion, without costs and disbursements; the motion granted and cross motion denied and matter remanded for expeditious continuation of the hearings before the Special Referee. Judgment, Supreme Court, New York County, entered March 13, 1975, in plaintiff's favor in the sum of $192,763.10 plus interest and costs, totaling $219,550.72, accordingly unanimously reversed, on the law, and vacated. Appeal from the order, Supreme Court, New York County, entered April 1, 1975, denying defendants' motion for reargument of their prior motion to open the proceedings before the Special Referee unanimously dismissed as nonappealable, and such appeal is, in any event, academic. The issue of liability having heretofore been determined in plaintiff's favor, Special Term upon plaintiff's motion referred the assessment to a Special Referee to hear and report. Defendants' application to the Special Referee for a continuance on the date set for the hearing met with the latter's direction that the application be made before Special Term. The hearing was postponed to allow time for such motion. On said motion, Special Term directed the hearing to commence on October 29, 1974, unless stayed by this court. No stay was sought. On October 29, 1974, the only attorney in the office of defense counsel apparently familiar with this complex litigation was engaged in a Federal case in Florida. The Special Referee permitted a limited adjournment to October 31, 1974. On October 31, 1974, despite submission of an affidavit of engagement, the Special Referee denied further adjournment. Advised that the hearing was in progress, the afore-mentioned attorney for defendants telephoned his objections and was advised by the Special Referee that the hearing would continue, but that said attorney could appear on November 14, 1974 for the purpose of cross-examining plaintiff's witnesses. At the conclusion of the Federal case, said attorney returned to New York on November 13 and ascertained that one of plaintiff's witnesses had testified with respect to certain critically relevant records which were not made available to the referee. In view of this fact and of the fact that said defense counsel was ill and apparently confined to bed, an endeavor was made to obtain an adjournment. A letter communicating these facts and that the illness could be verified by conference with the doctor unless a medical affidavit was preferred, was submitted on November 14. However, the Special Referee opined that he did not have the power to grant an adjournment. The denial of defendants' subsequent motion to reopen the hearing before Special Term and the granting of plaintiff's cross motion to confirm the report with consequent judgment being entered in plaintiff's favor gave rise to the instant appeals. CPLR 4402 provides: "At any time during the trial, the court, on motion of any party, may order a continuance or a new trial in the interest of justice on such terms as may be just." CPLR 4318 provides: "Unless otherwise specified in the order of reference, the referee shall conduct the trial in the same manner as a court trying an issue without a jury. The provisions of article forty-four applicable to trial by the court shall apply to a reference pursuant to this article". Patently, on the present record, there was a sufficient legal excuse warranting the granting of a continuance. (See *De Luccy v City of New York,* 24 AD2d 421; *Vittorino v City of New York,* 22 AD2d 883.) It is beyond cavil that this is a complicated proceeding and that defendants were entitled to be meaningfully represented at every stage of the litigation. Although there had been a direction that counsel have other counsel in his office ready in the event he could not proceed, it is apparent that no sufficient time was afforded to adequately prepare substitute counsel. As aptly noted by this court in

*Benadon v Antonio* (10 AD2d 40, 42): "The controlling principles are well settled. As a matter of general policy, disposition of controversies on the merits is favored, and to that purpose defaults will be vacated upon a proper showing of excuse and the absence of willfulness [citations]." Under the circumstances herein and in light of the aforesaid, it was an abuse of discretion not to grant defendants' motion to reopen the hearing. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.