■    NOELIA BRETTSCHNEIDER, Appellant, v STANLEY BRETTSCHNEIDER, Respondent.—Order, Supreme Court, New York County, entered December 4, 1975, which denied plaintiff wife's application for temporary custody of the parties' two infant children, and granted the husband's cross motion for temporary custody, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, to deny the husband's cross motion, and the matter remanded for continued hearing. In 1973, the parties entered into a separation agreement giving the wife custody of two small children, and thereafter the parties were divorced. They reconciled and remarried in 1974. The plaintiff wife thereafter sued for divorce, asking, among other things, for custody. The defendant husband cross-moved for custody. While the children were residing with the wife, the husband, early in November, 1975, took the older child, a daughter five and one-half years of age. The wife then sought a writ of habeas corpus, and a hearing was scheduled on the issue on November 21, 1975. The court, on July 9, 1975, had ordered that the issue of "temporary custody of the children" was to be determined at a plenary hearing. On Friday, November 21, counsel for the wife appeared to ask to be excused because he was on trial in the Supreme Court, Nassau County, but he was directed to proceed. After the testimony of the wife, both on direct and cross-examination, on the adjourned date for the continuance of the hearing, Monday, November

24, the court granted custody to the husband in the absence of the wife and her attorney. The attorney for the wife, a single practitioner, was still engaged in the action in the Supreme Court, Nassau County. He agreed with counsel for the husband and an application was made requesting an adjournment, said counsel for the husband being present on several other matters before the court on that day. However, the court refused the adjournment, and not only denied custody to the plaintiff as to the one child, the subject of the writ, but granted the cross motion for temporary custody of both children to the husband. This was an abuse of discretion. It is a public policy that actions should be disposed of on the merits *(Schroeder v Musicor Record Corp.,* 49 AD2d 560, 562; *Benadon v Antonio,* 10 AD2d 40, 42; *Andrea Raab Corp. v Goodman Chem. N. Y. Corp.,* 40 AD2d 673). This is especially so in matrimonial actions (1 Foster-Freed, Law and Family [NY, rev], § 8:2, Opening default judgments, p 413). The wife should not have been deprived of custody on the basis heretofore delineated. It is wrong to bandy children about in this fashion. *(Matter of Ebert v Ebert,* 38 NY2d 700.)* Further, the court should not joust with counsel over who will command his presence. Counsel for the wife had a proper basis for excuse properly presented by his opponent. Concur—Kupferman, J. P., Birns, Silverman, Lane and Nunez, JJ.