■ KAREN MARSHALL, Respondent, v GORDON MARSHALL, Appellant.— In an action in which a judgment of divorce was entered, certain provisions of which were based upon a stipulation between the parties, defendant appeals from an order of the Supreme Court, Westchester County, dated June 23, 1975, which granted plaintiff's motion to resettle that judgment. Order reversed, without costs or disbursements, and case remanded to Special Term for a hearing to determine the intent of the parties in entering into the stipulation. It was improper for Special Term to, in effect, materially alter the settlement reached by the parties on the basis of the court's personal recollection of the settlement negotiations (see *Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Shapiro v Danzig,* 267 App Div 949; 2 Carmody-Wait 2d, NY Civ Prac, § 7:14). However, the meaning of both the judgment of divorce and the stipulation of settlement are sufficiently ambiguous to require the taking of oral proof of the surrounding facts and circumstances to determine the true meaning and intention of the parties (see *Santini Bros. v Smith,* 250 App Div 53). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ ASTERIA A. MARTILOTTO et al., Respondents, v LEON FRANKEL et al., Respondents, and OSWALD MARTILOTTO, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant Oswald Martilotto appeals from a judgment of the Supreme Court, Kings County, entered June 12, 1975, upon a jury verdict, which, *inter alia,* is (1) in favor of plaintiffs and against him and (2) in favor of defendants Frankel and against plaintiffs. Judgment affirmed, with one bill of costs jointly to respondents appearing separately and filing separate briefs. In our view the jury verdict is supported by the record; the award of damages was not shocking (see *Reich v Mater Serv. Co.,* 39 AD2d 737). Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.