■ ELEANOR OLOFF, Appellant, v ALEXANDER OLOFF, Respondent.—In an action in which the plaintiff wife was granted a judgment of divorce, she appeals from an order of the Supreme Court, Nassau County, dated February 13, 1976, which, after a hearing, denied her motion, *inter alia,* to vacate her default of October 29, 1975 on defendant's motion to modify the aforesaid judgment. Order reversed, without costs or disbursements, motion granted, and matter remanded to Special Term for a hearing on the merits of defendant's motion. In this action, the wife's failure to appear on the date set peremptorily for a hearing was the result of an election by her newly retained attorney to keep a previous commitment in another matter in another court, rather than to appear for the hearing on the husband's application to modify the divorce judgment. Hence, her default was neither willful nor without a valid excuse (see *Moran v Rynar,* 39 AD2d 718, 719; *Brettschneider v Brettschneider,* 52 AD2d 548). The wife had been awarded custody of the children and exclusive use of the former marital home in the divorce judgment and the only change of circumstances since then was that custody of the children, who had been living with the husband since March, 1974, had been awarded to him on July 8, 1974, until further order of the court. This change in custody was made in a stipulation between the parties, entered into in open court. The same stipulation specifically provided that the wife was to retain exclusive possession of the marital home, showing that the transfer of custody was not then viewed by the husband as providing grounds for denying the wife continued exclusive possession of the marital home. Hence it appears that the wife has shown a meritorious defense and that the default should therefore be opened (see *Wall v Bennett,* 33 AD2d 827). Moreover, the husband has shown no prejudice resulting to him from the default, no extensive delay resulting therefrom, or any intent on the wife's part to deliberately default (see *Moran v Rynar, supra).* The husband has not shown any basis for disregarding the strong public policy that actions should be disposed of on the merits (see *Colgar Enterprises v Di Giamo,* 41 AD2d 654; *Raab Corp. v Goodman Chem. N. Y. Corp.,* 40 AD2d 673; *Moran v Rynar, supra),* a policy which the courts have been liberal in applying in matrimonial actions (see *Harris v Harris,* 35 AD2d 894; *Brettschneider· v Brettschneider, supra).* The denial of the wife's motion to open her default was an abuse of discretion. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.