■ BETH B. METZ, Respondent, v ROBERT R. METZ, Appellant.—Judgment, Supreme Court, New York County, entered December 9, 1976, which granted a divorce to the plaintiff wife on the ground of abandonment, awarded alimony and child support, and directed the defendant husband to maintain ordinary life insurance policies upon his life for the benefit of his wife, to maintain existing hospitalization and major medical insurance plans provided by his employment for the benefit of his wife, awarded counsel fees, and directed that he pay investigation expenses and disbursements, unanimously modified insofar as appealed from, on the law and in the exercise of discretion, to delete the provisions for a life insurance policy, counsel fees, investigation expenses and hospitalization and medical expenses, and otherwise affirmed as hereinafter set forth, without cost and without disbursements. There is no statutory predicate to support the direction to maintain a life insurance policy for the benefit of a former wife. (See Domestic Relations Law, § 236; *Winter v Winter,* 39 AD2d 69, affd without opn 31 NY2d 983.) The wife has heretofore paid counsel fees of $12,400. It appears that the fee already paid by the plaintiff amply compensates counsel for the services rendered on her behalf. The only issues at the trial were economic. No time was spent on the merits of the divorce as the defendant did not resist. No additional counsel fee is indicated. The wife had investigation expenses incurred in hiring private detectives for the original complaint for divorce grounded on a contention which was withdrawn at the trial. Recovery of this expenditure should not have been granted. On the other hand, the wife is entitled to normal litigation disbursements, and it appears that several hundred dollars additionally should be awarded in this connection. There remains the question of the medical and hospital insurance. This aspect of the marital standard was properly preserved by an award to the wife. *(Rosenberg v Rosenberg,* 42 AD2d 590.) However, it seems that the wife in her present tenuous employment is covered by an appropriate hospital and medical insurance plan. In the event that the wife should no longer be employed, then the husband should provide therefor. Accordingly, an order should be settled covering disbursements and an appropriate provision for the husband to provide a substitute hospitalization and medical insurance plan in the event the wife no longer has one, which will be equivalent to the one which she presently has in effect with her own employer. Concur—Murphy, P. J., Kupferman, Lupiano and Lane, JJ.