■ KAREN MARSHALL, Respondent, v GORDON MARSHALL, Appellant.—In a matrimonial action, in which a hearing had been directed to determine the intent of the parties in entering into a stipulation which was incorporated into a judgment of divorce *(Marshall v Marshall,* 52 AD2d 841), defendant appeals from an order of the Supreme Court, Westchester County, dated February 8, 1978, which denied his motion to vacate his default in appearing for the hearing. Order reversed, without costs or disbursements, and motion granted, on condition that defendant pay $350 to the plaintiff within 20 days after entry of the order to be made hereon; in the event such condition is not complied with, then order affirmed, without costs or disbursements. In our opinion, the denial of the motion to vacate defendant's default constituted an improvident exercise of discretion. The record establishes that the failure of defendant's attorney to appear at the hearing was not willful, since he was involved in the trial of another action on the same date. The motion to open the default was promptly made and no prejudice to plaintiff was shown. As a matter of policy, disposition of causes of action on their merits is strongly favored *(Colgar Enterprises v Di Giaimo,* 41 AD2d 654; *Andrea Raab Corp. v Goodman Chem. N. Y. Corp.,* 40 AD2d 673). However, in granting defendant's motion in the interest of justice, this court does not condone the failure of his attorney to promptly inform the court prior to the hearing of his engagement in the trial of another action, and his inability to appear on the date of the hearing. Under the circumstances, the defendant should pay the sum of $350 to plaintiff as a condition to the opening of the default (see *Polytemp, Inc. v Sell,* 59 AD2d 938; *Sotcheff v French,* 59 AD2d 777). Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.

■ JOHN NARDIELLO et al., Appellants, v AIR HEAT INC., Defendant, and REPUBLIC INSURANCE COMPANY, Respondent. (And a Third-Party Action.)—In an action, *inter alia,* upon an insurance policy, the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County, entered December 14, 1977, which is in favor of defendant Republic Insurance Company and (2) a decision of the same court which granted said defendant's motion for summary judgment. Appeal from the decision dismissed. No appeal lies from a decision. Judgment affirmed upon the memorandum of Mr. Justice Stark at Special Term. Respondent is awarded one bill of $50 costs and disbursements. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.