■ RICHARD GALLANTE, Respondent, v CAROL GALLANTE, Appellant.—In a matrimonial action in which the defendant wife defaulted in appearing, defendant appeals from an order of the Supreme Court, Dutchess County, entered June 22, 1978, which denied her motion (1) to vacate her default and (2) for leave to interpose an answer. Order reversed, without costs or disbursements, and motion granted on condition that defendant pay $250 to the plaintiff within 20 days after service upon her of a copy of the order to be made hereon, together with notice of entry thereof; in the event such condition is not complied with, then order affirmed, without costs or disbursements. Appellant's time to serve an answer is extended until 10 days after payment of the aforesaid sum. Although defendant was tardy in moving to open her default in this matrimonial action, the record indicates that no judgment of divorce has yet been entered and Special Term itself has refused to allow this case to proceed to inquest. Accordingly, in view of the liberal policy of vacating defaults in matrimonial actions and permitting the disposition of the causes of action on the merits, and in the absence of any real prejudice to plaintiff (see *Marshall v Marshall*, 65 AD2d 551), the motion should be granted. However, in granting defendant's motion in the interest of justice, this court does not condone her delaying tactics and, under the circumstances, defendant should pay the sum of $250 to plaintiff as a condition to the opening of the default. Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur.

■ FREDRIC V. GIFFORDS et al., Appellants, v CABLEVISION, INC., Respondent.—In a tort action sounding in intentional infliction of mental distress, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated July 5, 1978, which granted defendant's motion for summary judgment dismissing the complaint. On the court's own motion, the notice of appeal dated July 31, 1978, is deemed amended to show that it is also from the judgment of the same court in favor of defendant, entered July 14, 1978 (see CPLR 5520). Appeal from the order dismissed (see *Matter of Aho*, 39 NY2d 241, 248). Judgment reversed and defendant's motion for summary judgment is denied, with leave to renew upon proper papers. Plaintiffs are awarded one bill of $50 costs and disbursements. The affidavit in support of the motion was made by an attorney without personal knowledge of the facts, contrary to the requirement of CPLR 3212 (subd [b]). Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.