■ ELISSA GORDON, Appellant, v BRUCE W. GORDON, Respondent.—In a matrimonial action, plaintiff appeals from so much of a judgment of separation of the Supreme Court, Nassau County, entered July 20, 1978, as (1) awarded her allegedly inadequate alimony of $200 per week and child support of $50 per week per child, (2) failed to provide for the payment by defendant of certain medical and dental benefits, as well as life insurance benefits, for plaintiff and the children in her custody, (3) denied her an award of additional counsel fees, and (4) failed to grant her costs and disbursements of the action. Judgment modified, on the law, by adding thereto provisions (1) awarding plaintiff an additional counsel fee in the amount of $2,500, (2) awarding the plaintiff the costs and disbursements of the action as taxed by the County Clerk of Nassau County, and (3) directing the defendant to pay the plaintiff, by check or money order drawn to her order, for all medical and dental services rendered to, and for the hospitalization of, plaintiff and the children in her custody within 20 days after bills therefor and a demand for payment are sent to him, except those bills that have been paid by Blue Cross, Blue Shield and major medical insurance coverage that defendant shall provide. As so modified, judgment affirmed insofar as appealed from, with costs to the plaintiff. The award of a temporary counsel fee by Special Term prior to trial was inadequate. The

trial court should have awarded the additional counsel fee indicated. There appears no reason in the record to justify a denial of costs and disbursements to the plaintiff who was successful at trial. It was an abuse of discretion not to award same to her. As to insurance benefits, it was proper for the trial court to delete a paragraph of the proposed judgment as to life insurance benefits, there being no statutory authority for such a grant (see *Enos v Enos,* 41 AD2d 642). However, the Trial Judge should not have stricken the provision of the proposed judgment with respect to Blue Cross, Blue Shield and major medical insurance coverage. Such an award is permissible under section 236 of the Domestic Relations Law (see *Rosenberg v Rosenberg,* 42 AD2d 590; *Metz v Metz,* 57 AD2d 800). In view of the fact that such coverage is provided for in the agreement of separation (which survives this decree), we see no reason to deprive the plaintiff of the greater enforcement provisions accorded by the Domestic Relations Law. Lazer, J. P., Margett, Martuscello and Mangano, JJ., concur.