■ In the Matter of the Estate of JOSEPH H. GUIDO, Deceased. NATIONAL COMMERCIAL BANK & TRUST COMPANY, as Executor of JOSEPH H. GUIDO, Deceased, Respondent; MARION BRUNO, Appellant.—Appeal from an order of the Surrogate's Court of Albany County, entered December 18, 1978, which dismissed appellant's objections to the executor's account. This proceeding was brought by the executor under the last will and testament of Joseph H. Guido, deceased, for a judicial settlement of its accounts. Appellant filed objections to the account on the ground that the account did not provide for

the continuation of alimony payments to her and that the executor had refused to pay her alimony after decedent's death. The Surrogate dismissed the objections as being insufficient as a matter of law. The facts are not in dispute. Decedent and appellant were married on October 13, 1967. On February 3, 1970, they entered into a written separation agreement which provided, among other things, for (1) the payment of all reasonable and necessary medical expenses incurred by the wife, for a period of three years; (2) the repayment of a loan made by the wife to the husband; (3) the payment of the wife's legal fees in connection with the agreement, and (4) the payment of her moving expenses. The agreement further provided that the provisions therein for the wife were in full satisfaction for her support and maintenance and that each party released any claims and rights to share in any capacity in the estate of the other party. No provision was made for alimony payments. On October 20, 1972, decedent commenced an action for divorce and appellant interposed an answer. Negotiations and discussions were had between the parties for a period of about one year, after which appellant withdrew her answer, and on November 16, 1973, the decedent put in his proof on the divorce. On December 26, 1973, a judgment of divorce was granted to decedent, which provided that the agreement of separation was to be incorporated into the judgment of divorce and merge therein; that decedent was to continue to provide for the payment of all reasonable and necessary medical and dental expenses incurred by appellant; and that decedent was "to pay the sum of $50 per week for the support of the defendant for the rest of her life." Decedent died on or about January 20, 1976, and the executor refused to make support payments as provided by the judgment of divorce. Appellant contends that a husband may voluntarily assume an obligation to provide for his divorced wife after death and that the decedent's statements under oath at the divorce hearing bound his estate to make payments of alimony to appellant until her death. At the divorce hearing, the decedent's attorney asked the decedent the following question and he gave the following answer: "Q. It's my understanding, Mr. Guido, that you want to provide the sum of $50 per week for the support of your wife Marion Guido for the rest of her life, is that correct? A. Yes, I do." Decedent's attorney also advised the court that appellant's attorney could not be present and had "consented that we proceed with the action, requesting only that the support provisions, by agreement, be incorporated" and that the decree be submitted to him before signature. "A husband's obligation to support his wife terminates with the husband's death. However, the husband might, by agreement, impose upon his estate a duty to make alimony or support payments after his death." (Cohen v Cronin, 39 NY2d 42, 45.) "The sole power possessed by the courts of this State to award alimony in a divorce judgment is found in section 236 of the Domestic Relations Law and its predecessor statutes, which gave the courts power to provide suitably for the support of the wife." (Matter of Stritch, 48 Misc 2d 742, 751.) "Section 236 of the Domestic Relations Law does not authorize continuance of alimony upon a husband's death." (Enos v Enos, 41 AD2d 642.) A court has power only to direct payment of alimony during the lifetime of the husband (Wilson v Hinman, 182 NY 408). Appellant's contention that the above-mentioned excerpt from the record establishes a stipulation between counsel for the payment of alimony after the death of the husband is without merit. The questions and answers by the decedent and his attorney are insufficient, as a matter of law, to constitute a stipulation made in open court between counsel or the parties. In order to be binding, a stipulation must be in writing and subscribed by the party or

his attorney or be made in open court between counsel (CPLR 2104). In the absence of a binding stipulation and of a separation agreement binding decedent's estate to pay alimony, appellant's claim was properly dismissed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.