■ DOUGLAS TURNER, Appellant, v SANDRA S. KING, Respondent.— Appeal by the petitioner father, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, dated July 27, 1979, as ordered that his daughter shall not be forced to visit with him, unless she so elects. Judgment reversed insofar as appealed from, without costs or disbursements, the second and third decretal paragraphs are deleted therefrom, and the matter is remitted to Special Term for a hearing on the issue of visitation by the father, which shall be presided over by another Justice. It was inappropriate for the court to deprive the father of all his visitation rights based solely on a conference with the daughter (cf. *Obey v Degling,* 37 NY2d 768, 771). Under the circumstances of this case, the parties should have been given the opportunity to present evidence on the issue of visitation in open court (cf. *Matter of Lincoln v Lincoln,* 24 NY2d 270; *Heely v Heely,* 69 AD2d 810). We also note that the issue of the mother's contempt for failure to comply with certain prior judgments is not properly before us (see CPLR 5501, subd [a], par 1). Mangano, J. P., Gulotta, Cohalan and Weinstein, JJ., concur.

■ UNIVERSAL OVEN CO., Respondent, v CHASE MANHATTAN BANK, N. A., et al., Appellants.—In an action to recover damages for the alleged improper service of a restraining notice and execution with notice to garnishee, defendants separately appeal from an order of the Supreme Court, Nassau County, dated July 24, 1979, which denied (1) the motion by defendant Grogan, Heggen & Steenburg (Grogan) to dismiss the complaint of the plaintiff and the cross complaint of codefendant Chase Manhattan Bank, N. A. (Chase), and (2) the cross motion of said codefendant to dismiss the complaint. Order reversed, on the law, with one bill of $50 costs and disbursements payable jointly to defendants, and motion and cross motion granted. The record indicates that plaintiff was indebted to Jack Maggiore, judgment debtor of defendant Chase. Accordingly, Chase's attorney, Grogan, acted properly in levying upon this debt (see CPLR 5232, subd [a]). The fact that plaintiff may have avoided paying this debt because of insurance coverage does not change its status as a debt owed by plaintiff to the judgment debtor Maggiore. Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.