■ JOANNE W. SHIER, Respondent, v WILLIAM G. SHIER, JR., Appellant. — In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated October 22, 1981, which denied his motion to vacate a judgment of divorce entered upon his default. Order modified, on the law, by adding thereto, after the word "denied", the following: "except that the motion is granted to the extent that the sixth and seventh decretal paragraphs of the judgment of divorce (directing defendant to provide life and health insurance and providing for the equitable distribution of all marital assets) and so much of the eighth decretal paragraph as provides for the equal division of the proceeds of the sale of the marital premises, are deleted." As so modified, order affirmed, with $50 costs and disbursements to plaintiff, and the matter is remitted to Special Term for a hearing on the issues of the distribution of the marital assets and the proceeds of the sale of the marital premises, as well as the appropriate health insurance. The stay granted by this court on February 2, 1982 is vacated. Under the circumstances present in this case, we cannot conclude that Special Term abused its discretion in denying defendant's motion to vacate the default. However, the default judgment contained certain equitable distribution provisions which were outside the court's purview. Equitable distribution applies only to actions

commenced on or after the effective date of the statute, July 19, 1980 (Domestic Relations Law, § 236, part B; see *Valladares v Valladares,* 80 AD2d 244, affd 55 NY2d 388); this action was commenced on April 15, 1980. Therefore, the judgment must be modified so as to strike the provisions outlined above. The parties agree that the court was without authority to order defendant to provide life insurance, there being no statutory authority under the pre-equitable distribution law for such a grant (see *Enos v Enos,* 41 AD2d 642; *Gordon v Gordon,* 71 AD2d 911). The court did have authority to require defendant to provide health insurance (see *Gordon v Gordon, supra*). On remand, the appropriate type and amount of such insurance shall be determined. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.