■ JOSEPH LEBOVIC, Respondent, v ROCHELLE LEBOVIC, Appellant. — In a divorce action, defendant wife appeals from an order of the Supreme Court, Queens County (Durante, J.), dated November 4, 1981, which denied her application, *inter alia,* to vacate her default and to restore to the Trial Calendar her application for a money judgment for arrears in alimony and child support. Order reversed, without costs or disbursements, and application is granted to the extent that (1) the default is vacated and (2) the matter is remitted to Special Term for a hearing on the merits of defendant's application for a money judgment. At the written request of defendant's attorney and on consent, the hearing on defendant's application for a money judgment was adjourned to May 22, 1981. However, within seven days after the hearing was adjourned, her attorney's secretary was advised by a court clerk that cards would be sent to all parties notifying them of the actual adjourned date. When the wife's attorney failed to appear on May 22 because he never received such a card, an inquest was taken at the court's discretion. Thus, it appears that her default was neither willful nor without valid excuse (see *Oloff v Oloff,* 54 AD2d 584; *Brettschneider v Brettschneider,* 52 AD2d 548). It also appears from the record that the wife may have a meritorious claim for arrears in alimony and child support payments. Moreover, the husband has shown no prejudice resulting to him from the default, no extensive delay resulting therefrom, or any intent on the wife's part to commit a deliberate default (see *Moran v Rynar,* 39 AD2d 718, 719). Nor has he shown any basis for disregarding the strong public policy that actions should be disposed of on their merits (*Moran v Rynar, supra*), a policy which the courts have liberally applied in matrimonial actions (see *Oloff v Oloff, supra; Brettschneider v Brettschneider, supra*). Accordingly, the denial of the wife's application to open her default was an abuse of discretion. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.