■ DIANE BREEN, Appellant-Respondent, v ROBERT BREEN, Respondent-Appellant. — In a matrimonial action, the plaintiff wife appeals, as limited by her notice of appeal and brief, (1) from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated January 5, 1982, as granted defendant husband leave to renew his motion to vacate his default, (2) from an order of the same court (Buschmann, J.), entered May 7, 1982, which vacated defendant's default in appearing for trial in this action, (3) from stated portions of a judgment of the same court (Kassoff, J.), dated November 16, 1982, which, *inter alia,* granted the parties a judgment of divorce, directed that in the event plaintiff did not exercise an option to buy out defendant's one-half interest in the parties' co-operative apartment by December 31, 1983, the apartment would be put up for sale, and limited plaintiff's award of child support to $50 per week plus 10% of any gross amount of salary earned by defendant in excess of his present base salary, and defendant cross-appeals, as limited by his brief, from stated portions of the judgment. Appeals from the orders dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law and as a matter of discretion, by (1) deleting that part of the fourth decretal paragraph which directs defendant to pay as

child support an additional 10% of any gross amount of salary in excess of his present base salary, (2) deleting that part of the sixth decretal paragraph which directs defendant to maintain any life insurance, upon condition that defendant's attorney personally pay plaintiff the sum of $500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Defendant's attorney's time to comply with the condition is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event the condition is not complied with, judgment affirmed insofar as appealed from, with costs. Although it was a proper exercise of the trial court's discretion in this pre-equitable distribution case to direct the husband to maintain his existing health and hospitalization insurance for the benefit of his son, the court was without authority to direct the husband to maintain life insurance with his child as beneficiary (*Gordon v Gordon,* 71 AD2d 911; see, also, *Enos v Enos,* 41 AD2d 642; *Ehrler v Ehrler,* 69 Misc 2d 234). Accordingly, that portion of the judgment must be deleted. We further strike from the judgment the escalation clause directing the defendant to pay as child support an additional 10% of any gross amount of salary he earns in excess of his base salary at the time of judgment, since we have consistently held that directions to increase child support payments are best left to modification proceedings (*Gallo v Gallo,* 50 AD2d 830; *Golden v Golden,* 37 AD2d 578). While in pre-equitable distribution cases, it is generally improper to award exclusive possession or occupancy of the marital residence to the spouse whose "misconduct" has led to a decree of divorce against her (*Schwatzman v Schwatzman,* 62 AD2d 988; *Votta v Votta,* 40 AD2d 532), we believe that the trial court's disposition of the couple's co-operative was a proper exercise of its discretion under section 234 of the Domestic Relations Law. Given that the plaintiff had custody of the infant and would most likely need time to raise the money to buy out the husband or find a new place to live, it was reasonable to allow the wife to remain in the premises for the almost 14 months between the date of the judgment and the end of her option period. Finally, although we have dismissed plaintiff's appeal from the order vacating defendant's default, we have considered her argument that the vacatur was an abuse of discretion. Because our policy with respect to vacating defaults in matrimonial actions is a liberal one (*Levy v Levy,* 67 AD2d 998; *Hewlett v Hewlett,* 63 AD2d 977), we hold that under the circumstances, it was proper to open defendant's default. However, we do not condone the failure of defendant's attorney to ascertain the adjourned date and to inform the court of his inability to appear on that date. Therefore, the judgment appealed from is modified on condition that defendant's attorney personally pay the sum of $500 to plaintiff as costs occasioned by the default (see *Marshall v Marshall,* 65 AD2d 551; *Polytemp, Inc. v Sell,* 59 AD2d 938). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.