■ Jo-Anne E. Jerkovich, Respondent, v Vincent R. Jerkovich, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Robbins, J.), dated November 23, 1982, which, following a nonjury trial on the economic aspects of the proceedings, *inter alia,* directed (1) that the proceeds from the sale of the marital premises be divided equally; (2) that defendant pay the sum of $410 semimonthly until October 25, 1983 and $540 semimonthly thereafter for maintenance and child support which is unallocated and does not have a fixed termination date; (3) that defendant is required to name his children as dependents on his health insurance policy without specifying when said coverage may be terminated; and (4) that defendant must pay $1,945 in arrears and $2,700 for the wife's attorney's fees. ¶ Judgment modified by deleting the fourth decretal paragraph. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. In the interim the defendant shall continue to make the payments set forth in the fourth decretal paragraph. ¶ Special Term considered the enumerated factors set forth in part B of section 236 of the Domestic Relations Law and set forth its determination. Although we agree that the total amount awarded for child support and maintenance is equitable, the matter must be remitted for Special Term to allocate and recite the specific amount for each category (see 22 NYCRR 699.9). In making these allocations, Special Term must once again consider the enumerated factors with due regard for the tax consequences of its award (see *Ryan v Ryan,* 92 AD2d 889). Since the instant action was commenced after the effective date of the Equitable Distribution Law, we note that Special Term was expressly authorized to direct the defendant husband to maintain both his health insurance policy and his life insurance policy for the benefit of his minor children. However, Special Term failed to fix the duration of such policies and should do so upon remittance (Domestic Relations Law, § 236, part B, subd 8; cf. *Breen v Breen,* 99 AD2d 539). We have considered the defendant's remaining contentions and find that they lack merit. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.