■ LINDA A. MEISNER, Appellant, v WILLIAM MEISNER, Respondent. — In an action for divorce, plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 30, 1984, as granted visitation to defendant husband and directed defendant to make child support payments as of November 2, 1984, rather than retroactive to October 5, 1984, the date of plaintiff's application for child support.

Order reversed insofar as appealed from, on the law, without costs or disbursements, plaintiff's application for forensic evaluations to aid in the determination with respect to visitation granted, it is directed that defendant make child support payments retroactive to October 5, 1984, and pay plaintiff for the additional four weeks the lump sum of $632, and matter remitted to Special Term for a new hearing and determination on the issue of visitation. Defendant's time to pay the $632 is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.

Plaintiff has made allegations of defendant's physical and mental abuse and violence towards his children as well as towards plaintiff and third persons. Those allegations, if true, would be " 'inimical to the welfare of the children' " (*Katz v Katz,* 97 AD2d 398; *Quinn v Quinn,* 87 AD2d 643). However, since no hearing was held, it is impossible to make a determination whether denial of visitation is appropriate (*Shipp v Gaglia,* 97 AD2d 945).

Since there are issues of fact raised concerning the children's welfare, "the parties should have been given the opportunity to

present evidence on the issue of visitation in open court" (*Turner v King,* 79 AD2d 654; *see also, Cameron v Cameron,* 2 AD2d 979). Therefore, the matter is remitted to Special Term for a hearing on the issue of visitation by defendant.

Plaintiff's application for forensic evaluations should have been granted by Special Term. We note that it was unopposed. Accordingly, psychiatric evaluations of the parties and their children should be conducted by a court-appointed doctor to be used as an aid to determine whether visitation is proper and, if so, whether conditions should be imposed.

Finally, Domestic Relations Law § 236 (B) (7) (a) provides, in pertinent part, that "[i]n any matrimonial action * * * the court * * * may order * * * temporary child support * * * Such order shall be effective as of the date of the application therefor * * * The court shall not consider the misconduct of either party". Consequently, the statutory language requires Special Term to make its order effective as of the date of plaintiff's application for temporary child support, which, in this case, is October 5, 1984, regardless of defendant's allegations of misconduct (*Khalily v Khalily,* 99 AD2d 482). Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.