■ Ann M. Lindbloom, as Executrix of George R. Lindbloom, Deceased, Respondent, v Shirley Lindbloom, Appellant.—Order reversed, on the law, without costs, and application denied. Memorandum: Special Term improperly granted the application to modify the decretal paragraph of the 1972 judgment of divorce which directed plaintiff to name his three children as primary and irrevocable beneficiaries of all his life insurance policies. Domestic Relations Law §§ 236, 240, which permit the court to modify the support provisions of a judgment of divorce, do not authorize the court to modify a preequitable distribution provision in the judgment requiring life insurance since life insurance is outside the statutory scope of the term "support" (see, Enos v Enos, 41 AD2d 642; see also, Fersko v Fersko, 76 AD2d 854; Gordon v Gordon, 71 AD2d 911; Metz v Metz, 57 AD2d 800; contrast, Domestic Relations Law § 236 [B] [8] [a]).

All concur, except Doerr, J., who dissents and votes to modify the order, in accordance with the following memorandum.

Doerr, J. (dissenting). I agree that Special Term erred in modifying the judgment of divorce as it related to the insurance policies. However, since the court which granted the original judgment of separation and then the conversion divorce decree was without authority to order the husband to provide life insurance for the benefit of his wife and children (see, Enos v Enos, 41 AD2d 642; see also, Fersko v Fersko, 76 AD2d 854; Gordon v Gordon, 71 AD2d 911; Metz v Metz, 57 AD2d 800; contrast, Domestic Relations Law § 236 [B] [8] [a]), such provision improperly was included in the decree.

I would treat plaintiff's motion as one to vacate the offending portion of the judgment and grant the motion (Szabo v

*Szabo,* 71 AD2d 32, 35-36; *Aleszczyk v Aleszczyk,* 55 AD2d 840; *Goldspinner v Goldspinner,* 52 AD2d 837).

A provision to provide life insurance may find its way into a judgment of divorce by agreement between the parties but such was not the case here. The judgment of divorce was entered by default and the original judgment of separation was granted after a trial. (Appeal from order of Supreme Court, Erie County, Wolf, J.—modify divorce decree.) Present —Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.