■ CLAUDE SASSON, Respondent, v ABRAHAM SASSON, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated July 6, 1977, the defendant husband appeals (1) from an order of the Supreme Court, Queens County (Glass J.), dated January 6, 1987, which granted his motion to vacate his default in appearing at a hearing on a motion and cross motion involving, *inter alia,* custody and child support, upon the condition that his attorney pay the plaintiff wife the sum of $750, and (2) from an order of the same court dated February 13, 1987, which directed him to "immediately resume alimony payments pursuant to the Agreement executed on May 31, 1977".

Ordered that the orders are affirmed, with one bill of costs.

Although a liberal policy is followed by this State's courts with respect to vacating defaults in matrimonial actions *(Candeloro v Candeloro,* 133 AD2d 731; *Breen v Breen,* 99 AD2d

539, 540), the trial court has the discretion to condition the vacating of a default upon the payment of an appropriate monetary sanction *(see, Gabrelian v Gabrelian,* 108 AD2d 445, 447-448, *appeal dismissed* 66 NY2d 741; *Breen v Breen, supra; Marshall v Marshall,* 65 AD2d 551). We conclude that the sanction imposed herein as a condition of relieving the husband of his default was an appropriate exercise of the trial court's discretion. Our review of the record reveals that the defense counsel failed to submit an affidavit of his actual engagement in a trial of another matter on the date of the scheduled hearing in the instant matter. The allegations that defense counsel took certain steps at the last moment to advise the court of his inability to appear on the scheduled hearing date are not supported by the record on appeal and we do not find that the actions of the defense counsel, even if accepted as true, were sufficient to excuse his default in appearing at the hearing.

We further conclude that the order dated February 13, 1987 should be affirmed. Pursuant to the stipulation entered into by the parties and incorporated in a divorce judgment, the husband was to pay the wife $50 per week in alimony. Although a motion by the husband to modify this provision is pending before the trial court, the divorce judgment has not yet been altered by court order. Therefore, the husband is under a continuing obligation to make the required alimony payments until further order of the court. Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.