■ JOHN H. O. LaGATTA, Respondent-Appellant, v FRANCES LaGATTA, Appellant-Respondent.—Amended judgment, Supreme Court, New York County (Walter Schackman, J.), entered July 14, 1988, which, *inter alia,* granted plaintiff husband, John H. O. LaGatta, a divorce on grounds of abandonment, awarded custody of the infant son to defendant wife, Frances LaGatta, established certain sums as alimony and child support, and directed the husband to secure and maintain life insurance for the benefit of the wife and their children, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of vacating the directive that the husband obtain life insurance, and otherwise affirmed, without costs; and the

Order and decision of said court, entered March 30, 1989, which, *inter alia,* denied the wife's motion for upward modification of child support, directed a hearing with respect to her motion for upward modification of alimony, granted the wife's motion for arrears in alimony and child support, effective December 24, 1986, and denied the husband's cross motion seeking custody of the infant son or, alternatively, downward modification in child support, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting child support retroactively to December 17, 1981, and otherwise affirmed, without costs; and the

Order and decision of said court, entered December 19, 1989, which, *inter alia,* granted the wife's motion for upward modification of alimony solely to the extent of increasing it by $1,250 per month, unanimously affirmed, without costs.

The parties in this matrimonial action, commenced on May 28, 1980, were married on December 17, 1963 and divorced by judgment entered, after trial, in favor of the plaintiff husband,

on grounds of abandonment (Domestic Relations Law § 170 [2]). There are two issue of the marriage, Alexandra, aged 20, and John, aged 16. Despite the fact that the husband prevailed—and therefore had no legal obligation, in this pre-equitable distribution (Domestic Relations Law § 236 [B]) divorce, to pay alimony *(see, Math v Math,* 39 AD2d 583, *affd* 31 NY2d 693; *Belandres v Belandres,* 58 AD2d 63)—he voluntarily assumed such an obligation, and the trial court established the net monthly sum therefor at $5,800, after taxes to be paid by the husband. Upon entry of the divorce judgment on July 14, 1988, cross appeals challenging various of its terms were noticed.

In the spring of 1988, the wife was diagnosed as suffering from a malignant lymphoma, and she moved, on January 3, 1989, for an increase in alimony based upon the effect on her future earning ability which this change in circumstance would occasion. After a hearing, the motion was granted, by order entered December 19, 1989, to the extent of increasing the alimony award by the sum of $1,250 per month.

The parties having agreed to have all appeals and cross appeals heard and decided jointly, we have examined the record of this nearly decade-old litigation, and would modify the determination of the trial court solely with respect to two matters, and otherwise affirm for the reasons stated by the trial court.

First, we hold that it was error for the court to have limited the retroactive effect of the award for child support to December 24, 1986, the date defendant wife made application for an increase in the pendente lite award. Unlike plaintiff's voluntary undertaking to provide defendant with alimony, plaintiff's obligation to support his son was mandatory and retroactive to the date of application. (Domestic Relations Law § 240 [1]; *see, Meisner v Meisner,* 111 AD2d 788.)

We further conclude that the husband should not have been directed to secure life insurance for the benefit of the wife and children. Under the applicable prior law, there is no statutory basis for such relief *(see, Lindbloom v Lindbloom,* 112 AD2d 748; *Metz v Metz,* 57 AD2d 800) and, in light of all of the circumstances of this case, this additional burden should not have been placed upon the husband. Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.